UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

LUIS A. DEVOTO,
RODOLFO F. RAMIREZ, AND
CESAR CAPPELLETTI,
ON BEHALF OF THEMSELVES
AND SIMILARLY SITUATED
EMPLOYEES,

02-60815 CIVIL ACTION NO.

CIV-SEITZ SECTION

MAGISTRATE
BANDSTRA MAG.

    Plaintiffs,

VERSUS

AT&T CORPORATION,
AT&T BROADBAND, INC.,
TECHNION COMMUNICATIONS CORPORATION,
TECHNION INTERNATIONAL CORPORATION,
TELEFORCE, L.L.C.,
TELEFORCE INTERNATIONAL, INC.,
PERSONNEL SERVICES, INC.,
CHRISTOPHER S. DOWLING, PERSONALLY AND INDIVIDUALLY,
JEFFERY T. DOWLING, PERSONALLY AND INDIVIDUALLY,
SANDRA PAPUNEN, PERSONALLY AND INDIVIDUALLY,
CHRIS EISDORFER, PERSONALLY AND INDIVIDUALLY, AND
MARTA LEDERMAN-RUB, PERSONALLY AND INDIVIDUALLY,

    Defendants.
**************************************************************************

## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

The Representative Wage and Hour Action under the Fair Labor Standards Act of Luis A.

Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti, on behalf of themselves and similarly

situated employees of AT&T Corporation, AT&T Broadband, Inc., Technion Communications

Corporation, Technion International Corporation, TeleForce, L.L.C., TeleForce International

Corporation, Personnel Services, Inc., Christopher S. Dowling, Jeffery T. Dowling, Sandra

-1-



Papunen, Chris Eisdorfer, and Marta Lederman-Rub, avers:

**Statutes**

1.    Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti bring this action under the

Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.*, to recover unpaid

wages, overtime wages, an additional equal amount as liquidated damages, judicial

interest, costs of this litigation, and reasonable attorneys' fees.

**Jurisdiction**

2.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because this matter arises under the laws of the United States of America, specifically the

Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter

"FLSA" or "the Act").

**Parties Plaintiff**

3.    Made plaintiff herein is Luis A. Devoto, a person of full age of majority, domiciled and

residing in Broward County, Florida.  Luis A. Devoto's Consent to Join Into

Representative Wage and Hour Action under the Fair Labor Standards Act is attached

hereto and incorporated herein as Exhibit "A".

4.    Made additional plaintiff herein is Rodolfo F. Ramirez, a person of full age of majority,

domiciled and residing in Broward County, Florida.  Rodolfo F. Ramirez's Consent to

Join Into Representative Wage and Hour Action under the Fair Labor Standards Act is

attached hereto and incorporated herein as Exhibit "B".

5.    Made additional plaintiff herein is Cesar Cappelletti, a person of full age of majority,

domiciled and residing in Broward County, Florida.  Cesar Cappelletti's Consent to Join

Into Representative Wage and Hour Action under the Fair Labor Standards Act is attached hereto and incorporated herein as Exhibit "C".

6. At all material times herein, Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti, as well as those similarly situated, were employees of all Defendants, and frequently worked in excess of forty hours per week.

7. Pursuant to the provisions of 29 U.S.C. § 216(b), Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti are proceeding for and on behalf of themselves and similarly situated employees of all Defendants.

8. Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti anticipate that additional employees, both present and former, of all Defendants will file written consents pursuant to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

### Parties Defendant

9. Made defendant herein is AT&T Corporation, a foreign corporation authorized to do and doing business in Broward County, Florida.  AT&T Corporation's principal address is 412 Mt. Kemble Avenue, Morristown, New Jersey 07960.

10. AT&T Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

11. Made  additional defendant herein is AT&T Broadband, Inc., a foreign corporation authorized to do and doing business in Broward County, Florida.

12. AT&T Broadband, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

13. Made additional defendant herein is Technion Communications Corporation, a Florida corporation authorized to do and doing business in Broward County, Florida, with a

-3-

principal address of 3330 North University Drive, Sunrise, Florida 33351, and with offices also at 4000 Hollywood Blvd., Suite 755-South, Hollywood, Florida 33021.

14. Technion Communications Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

15. Made additional defendant herein is Technion International Corporation, a Florida corporation authorized to do and doing business in Broward County, Florida, with a principal address of 3330 North University Drive, Sunrise, Florida 33351.

16. Technion International Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

17. Made additional defendant herein is TeleForce, L.L.C., a Florida limited liability company, authorized to do and doing business in Broward County, Florida, with its principal address at 3330 North University Drive, Sunrise, Florida 33351-4509.

18. TeleForce, L.L.C. was and is an enterprise engaged in commerce pursuant to the FLSA.

19. Made additional defendant herein is TeleForce International, Inc., a Florida corporation, authorized to do and doing business in Broward County, Florida, with its principal address at 4000 Hollywood Boulevard, Suite 755-South, Hollywood, Florida 33021, and with an additional office at 3330 North University Drive, Sunrise, Florida 33351-4509.

20. TeleForce International, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

21. Made additional defendant herein is Personnel Services, Inc., a Florida corporation authorized to do and doing business in Broward County, Florida, with its principal address located at 3330 North University Drive, Sunrise, Florida 33351-4509.

22.   Personnel Services, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

23.   Made additional defendant herein is Christopher S. Dowling, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Wayne, New Jersey.

24.   Christopher S. Dowling acted directly or indirectly in the interest of Personnel Services, Inc. and TeleForce, L.L.C., in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

25.   Made additional defendant herein is Jeffery T. Dowling, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Parkland, Florida.

26.   Jeffery T. Dowling acted directly or indirectly in the interest of Personnel Services, Inc. and TeleForce, L.L.C., in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

27.   Made additional defendant herein is Sandra Papunen, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Sunrise, Florida.

28.   Sandra Papunen acted directly or indirectly in the interest of TeleForce, L.L.C., TeleForce International, Inc., Technion Communications Corporation, and Technion International Corporation, in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. §

203(d).

29.     Made additional defendant herein is Chris Eisdorfer, PERSONALLY AND INDIVIDUALLY, a

person of the full age of majority, domiciled and residing in Sunrise, Florida.

30.     Chris Eisdorfer acted directly or indirectly in the interest of TeleForce, L.L.C., TeleForce

International, Inc., Technion Communications Corporation, and Technion International

Corporation, in relation to Plaintiffs and similarly situated employees, and directed their

business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. §

203(d).

31.     Made additional defendant herein is Marta Lederman-Rub, PERSONALLY AND

INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Sunrise,

Florida.

32.     Marta Lederman-Rub acted directly or indirectly in the interest of Technion

Communications Corporation and Technion International Corporation, in relation to

Plaintiffs and similarly situated employees, and directed their business activities, and is

therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

33.     At all material times, all Defendants employed Luis A. Devoto, Rodolfo F. Ramirez, and

Cesar Cappelletti, as well as similarly situated employees, with job duties and

responsibilities that are non-exempt under the FLSA, taking and making calls on behalf

of all Defendants.

### COUNT I of I:
### Fair Labor Standards Act Overtime Claim
### against All Defendants

34.     The allegations contained in paragraphs 1 through 33 are reasserted herein and

incorporated by reference herein.

35.    Pursuant to 29 U.S.C. § 207, all Defendants were required not to employ Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees for a workweek longer than forty hours without paying compensation for their employment at rates not less than one and one-half times the employees' regular rates of pay.

36.    During the employment of Luis A. Devoto (from approximately June 1998 through October 2001), Rodolfo F. Ramirez (from approximately April 2000 through February 2002), and Cesar Cappelletti (from approximately August 1998 through March 2002), and of similarly situated employees during their respective periods of employment, Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees frequently worked in excess of forty hours in a workweek.

37.    However, all Defendants, without good faith, continually, and as a continuing violation, knowingly, intentionally, and in bad faith, failed to pay to them all overtime compensation in violation of 29 U.S.C. § 207(a).

38.    All Defendants under-payed overtime compensation to Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees by failing to include all bonuses, commissions, and extra compensation into each employee's regular rate of pay. Pursuant to 29 U.S.C. § 216(b), Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees are entitled to recover their unpaid overtime compensation, interest, an additional equal amount as liquidated damages, and are entitled to other appropriate legal and equitable relief, all costs of these proceedings, judicial interest, and attorneys' fees.

## Jury Request

39.    Plaintiffs request a trial by jury for all issues so triable.

## Prayer

WHEREFORE, Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees of AT&T CORPORATION, AT&T BROADBAND, INC., TECHNION COMMUNICATIONS CORPORATION, TECHNION INTERNATIONAL CORPORATION, TELEFORCE, L.L.C., TELEFORCE INTERNATIONAL, INC., PERSONNEL SERVICES, INC., CHRISTOPHER S. DOWLING, JEFFERY T. DOWLING, SANDRA PAPUNEN, CHRIS EISDORFER, and MARTA LEDERMAN-RUB, pray that after due proceedings, there be judgment rendered herein in favor of Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees, and against AT&T CORPORATION, AT&T BROADBAND, INC., TECHNION COMMUNICATIONS CORPORATION, TECHNION INTERNATIONAL CORPORATION, TELEFORCE, L.L.C., TELEFORCE INTERNATIONAL, INC., and PERSONNEL SERVICES, INC., jointly and severally, as well as against CHRISTOPHER S. DOWLING, PERSONALLY AND INDIVIDUALLY, and jointly and severally, JEFFERY T. DOWLING, PERSONALLY AND INDIVIDUALLY, and jointly and severally, SANDRA PAPUNEN, PERSONALLY AND INDIVIDUALLY, and jointly and severally, CHRIS EISDORFER, PERSONALLY AND INDIVIDUALLY, and jointly and severally, and MARTA LEDERMAN-RUB, PERSONALLY AND INDIVIDUALLY, and jointly and severally, in the full amount of their unpaid overtime compensation, plus an equal amount as liquidated damages, and all other damages to which they may be entitled to in the premises, costs, attorneys' fees, and judicial interest.

Respectfully submitted:

_____
STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD.
SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005
FAX (954) 356-0010
*PLAINTIFF'S COUNSEL*

Devoto.Complaint.061102

-9-

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  02 - 6 0 8 1 5

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

*Luis A. Devoto, et al*

## DEFENDANTS

*AT&T Corporation, et al*

### CIV - SEITZ

**MAGISTRATE BANDSTRA**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME ADDRESS, AND TELEPHONE NUMBER)

*Steven Grover, Esq.
One E. Broward Blvd. #700
Ft. Lauderdale, FL 33301*

ATTORNEYS (IF KNOWN)

*Broward 0:02cv 60815 PAS/Bandstra*

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:  DADE,  MONROE,  (BROWARD),  PALM BEACH,  MARTIN,  ST. LUCIE,  INDIAN RIVER,  OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | B☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA 1395ff | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | | A☐ 871 IRS  Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | B☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

*Fair Labor Standards Act, 29 U.S.C. § 201 et seq.*

LENGTH OF TRIAL via *10* days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE  *6/13/02*

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # *525454*   AMOUNT *150* α   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*6-13-02*