UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LUIS A. DEVOTO,<br>RODOLFO F. RAMIREZ, AND<br>CESAR CAPPELLETTI,<br>ON BEHALF OF THEMSELVES<br>AND SIMILARLY SITUATED<br>EMPLOYEES, | CIVIL ACTION NO. *02-60815-*<br>*CIU-SEITZ/*<br>SECTION     *BANDSTRA*<br><br>MAG. |

     Plaintiffs,

**NIGHT BOX**
**FILED**

VERSUS

JUL 0 1 2002

AT&T CORPORATION,
AT&T BROADBAND, INC.,
TECHNION COMMUNICATIONS CORPORATION,
TECHNION INTERNATIONAL CORPORATION,
TELEFORCE, L.L.C.,
TELEFORCE INTERNATIONAL, INC.,
PERSONNEL SERVICES, INC.,
CHRISTOPHER S. DOWLING, PERSONALLY AND INDIVIDUALLY,
JEFFERY T. DOWLING, PERSONALLY AND INDIVIDUALLY,
SANDRA PAPUNEN, PERSONALLY AND INDIVIDUALLY,
CHRIS EISDORFER, PERSONALLY AND INDIVIDUALLY, AND
MARTA LEDERMAN-RUB, PERSONALLY AND INDIVIDUALLY,

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

     Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST AMENDED**
**REPRESENTATIVE WAGE AND HOUR ACTION**
**UNDER THE FAIR LABOR STANDARDS ACT**

    The First Amended Representative Wage and Hour Action under the Fair Labor

Standards Act of Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti, on behalf of

themselves and similarly situated employees of AT&T Corporation, AT&T Broadband, Inc.,

Technion Communications Corporation, Technion International Corporation, TeleForce, L.L.C.,

TeleForce International Corporation, Personnel Services, Inc., Christopher S. Dowling, Jeffery T. Dowling, Sandra Papunen, Chris Eisdorfer, and Marta Lederman-Rub, avers:

**Statutes**

1.    Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti bring this action under the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.*, to recover unpaid wages, overtime wages, an additional equal amount as liquidated damages, judicial interest, costs of this litigation, and reasonable attorneys' fees.

**Jurisdiction**

2.    This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this matter arises under the laws of the United States of America, specifically the Fair Labor Standards Act of 1938, *as amended*, 29 U.S.C. § 201 *et seq.* (hereinafter "FLSA" or "the Act").

**Parties Plaintiff**

3.    Made plaintiff herein is Luis A. Devoto, a person of full age of majority, domiciled and residing in Broward County, Florida.  Luis A. Devoto's Consent to Join Into Representative Wage and Hour Action under the Fair Labor Standards Act is attached hereto and incorporated herein as Exhibit "A".

4.    Made additional plaintiff herein is Rodolfo F. Ramirez, a person of full age of majority, domiciled and residing in Broward County, Florida.  Rodolfo F. Ramirez's Consent to Join Into Representative Wage and Hour Action under the Fair Labor Standards Act is attached hereto and incorporated herein as Exhibit "B".

5.    Made additional plaintiff herein is Cesar Cappelletti, a person of full age of majority,

-2-

domiciled and residing in Broward County, Florida. Cesar Cappelletti's Consent to Join Into Representative Wage and Hour Action under the Fair Labor Standards Act is attached hereto and incorporated herein as Exhibit "C".

6.     At all material times herein, Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti, as well as those similarly situated, were employees of all Defendants, and frequently worked in excess of forty hours per week.

7.     Pursuant to the provisions of 29 U.S.C. § 216(b), Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti are proceeding for and on behalf of themselves and similarly situated employees of all Defendants.

8.     Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti anticipate that additional employees, both present and former, of all Defendants will file written consents pursuant to 29 U.S.C. § 216(b) to join as party plaintiffs in this action.

**Parties Defendant**

9.     Made defendant herein is AT&T Corporation, a foreign corporation authorized to do and doing business in Broward County, Florida. AT&T Corporation's principal address is 412 Mt. Kemble Avenue, Morristown, New Jersey 07960.

10.     AT&T Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

11.     Made additional defendant herein is AT&T Broadband, Inc., a foreign corporation authorized to do and doing business in Broward County, Florida.

12.     AT&T Broadband, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

13.     Made additional defendant herein is Technion Communications Corporation, a Florida

-3-

corporation authorized to do and doing business in Broward County, Florida, with a principal address of 3330 North University Drive, Sunrise, Florida 33351, and with offices also at 4000 Hollywood Blvd., Suite 755-South, Hollywood, Florida 33021.

14.  Technion Communications Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

15.  Made additional defendant herein is Technion International Corporation, a Florida corporation authorized to do and doing business in Broward County, Florida, with a principal address of 3330 North University Drive, Sunrise, Florida 33351.

16.  Technion International Corporation was and is an enterprise engaged in commerce pursuant to the FLSA.

17.  Made additional defendant herein is TeleForce, L.L.C., a Florida limited liability company, authorized to do and doing business in Broward County, Florida, with its principal address at 3330 North University Drive, Sunrise, Florida 33351-4509.

18.  TeleForce, L.L.C. was and is an enterprise engaged in commerce pursuant to the FLSA.

19.  Made additional defendant herein is TeleForce International, Inc., a Florida corporation, authorized to do and doing business in Broward County, Florida, with its principal address at 4000 Hollywood Boulevard, Suite 755-South, Hollywood, Florida 33021, and with an additional office at 3330 North University Drive, Sunrise, Florida 33351-4509.

20.  TeleForce International, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

21.  Made additional defendant herein is Personnel Services, Inc., a Florida corporation authorized to do and doing business in Broward County, Florida, with its principal

address located at 3330 North University Drive, Sunrise, Florida 33351-4509.

22.  Personnel Services, Inc. was and is an enterprise engaged in commerce pursuant to the FLSA.

23.  Made additional defendant herein is Christopher S. Dowling, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Wayne, New Jersey.

24.  Christopher S. Dowling acted directly or indirectly in the interest of Personnel Services, Inc. and TeleForce, L.L.C., in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

25.  Made additional defendant herein is Jeffery T. Dowling, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Parkland, Florida.

26.  Jeffery T. Dowling acted directly or indirectly in the interest of Personnel Services, Inc. and TeleForce, L.L.C., in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

27.  Made additional defendant herein is Sandra Papunen, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Sunrise, Florida.

28.  Sandra Papunen acted directly or indirectly in the interest of TeleForce, L.L.C., TeleForce International, Inc., Technion Communications Corporation, and Technion International Corporation, in relation to Plaintiffs and similarly situated employees, and directed their

business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

29.    Made additional defendant herein is Chris Eisdorfer, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Sunrise, Florida.

30.    Chris Eisdorfer acted directly or indirectly in the interest of TeleForce, L.L.C., TeleForce International, Inc., Technion Communications Corporation, and Technion International Corporation, in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

31.    Made additional defendant herein is Marta Lederman-Rub, PERSONALLY AND INDIVIDUALLY, a person of the full age of majority, domiciled and residing in Sunrise, Florida.

32.    Marta Lederman-Rub acted directly or indirectly in the interest of Technion Communications Corporation and Technion International Corporation, in relation to Plaintiffs and similarly situated employees, and directed their business activities, and is therefore an employer pursuant to the provisions of 29 U.S.C. § 203(d).

33.    At all material times, all Defendants employed Luis A. Devoto, Rodolfo F. Ramirez, and Cesar Cappelletti, as well as similarly situated employees, with job duties and responsibilities that are non-exempt under the FLSA, taking and making calls on behalf of all Defendants.

## COUNT I of I:
### Fair Labor Standards Act Overtime Claim
### against All Defendants

34.    The allegations contained in paragraphs 1 through 33 are reasserted herein and

incorporated by reference herein.

35.    Pursuant to 29 U.S.C. § 207, all Defendants were required not to employ Luis A. Devoto,

Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees for a workweek

longer than forty hours without paying compensation for their employment at rates not

less than one and one-half times the employees' regular rates of pay.

36.    During the employment of Luis A. Devoto (from approximately June 1998 through

October 2001), Rodolfo F. Ramirez (from approximately April 2000 through February

2002), and Cesar Cappelletti (from approximately August 1998 through March 2002),

and of similarly situated employees during their respective periods of employment, Luis

A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly situated employees

frequently worked in excess of forty hours in a workweek.

37.    However, all Defendants, without good faith, continually, and as a continuing violation,

knowingly, intentionally, and in bad faith, failed to pay to them all overtime

compensation in violation of 29 U.S.C. § 207(a).

38.    All Defendants under-payed overtime compensation to Luis A. Devoto, Rodolfo F.

Ramirez, Cesar Cappelletti, and similarly situated employees by failing to include all

bonuses, commissions, and extra compensation into each employee's regular rate of pay.

Pursuant to 29 U.S.C. § 216(b), Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti,

and similarly situated employees are entitled to recover their unpaid overtime

compensation, interest, an additional equal amount as liquidated damages, and are

entitled to other appropriate legal and equitable relief, all costs of these proceedings,

judicial interest, and attorneys' fees.

### Jury Request

39.    Plaintiffs request a trial by jury for all issues so triable.

### Prayer

WHEREFORE, Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and similarly

situated employees of AT&T CORPORATION, AT&T BROADBAND, INC., TECHNION

COMMUNICATIONS CORPORATION, TECHNION INTERNATIONAL CORPORATION,

TELEFORCE, L.L.C., TELEFORCE INTERNATIONAL, INC., PERSONNEL SERVICES,

INC., CHRISTOPHER S. DOWLING, JEFFERY T. DOWLING, SANDRA PAPUNEN, CHRIS

EISDORFER, and MARTA LEDERMAN-RUB, pray that after due proceedings, there be

judgment rendered herein in favor of Luis A. Devoto, Rodolfo F. Ramirez, Cesar Cappelletti, and

similarly situated employees, and against AT&T CORPORATION, AT&T BROADBAND,

INC., TECHNION COMMUNICATIONS CORPORATION, TECHNION INTERNATIONAL

CORPORATION, TELEFORCE, L.L.C., TELEFORCE INTERNATIONAL, INC., and

PERSONNEL SERVICES, INC., jointly and severally, as well as against CHRISTOPHER S.

DOWLING, PERSONALLY AND INDIVIDUALLY, and jointly and severally, JEFFERY T.

DOWLING, PERSONALLY AND INDIVIDUALLY, and jointly and severally, SANDRA PAPUNEN,

PERSONALLY AND INDIVIDUALLY, and jointly and severally, CHRIS EISDORFER,

PERSONALLY AND INDIVIDUALLY, and jointly and severally, and MARTA LEDERMAN-RUB,

PERSONALLY AND INDIVIDUALLY, and jointly and severally, in the full amount of their unpaid

overtime compensation, plus an equal amount as liquidated damages, and all other damages to

which they may be entitled to in the premises, costs, attorneys' fees, and judicial interest.

Respectfully submitted:

STEVEN F. GROVER (Fla. Bar No. 131296)
LAW OFFICE OF STEVEN F. GROVER
ONE E. BROWARD BLVD.
SUITE 700
FT. LAUDERDALE, FL 33301
TEL. (954) 356-0005
FAX (954) 356-0010
*PLAINTIFF'S COUNSEL*

Devoto.Complaint.061102

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LUIS A. DEVOTO, RODOLFO F. RAMIREZ,
AND CESAR CAPPELLETTI,
ON BEHALF OF THEMSELVES
AND SIMILARLY SITUATED
EMPLOYEES,

     Plaintiffs,

VERSUS

TECHNION COMMUNICATIONS
CORPORATION, ET AL,

     Defendants.
*******************************************************************************

## CONSENT TO JOIN INTO
## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

I, **LUIS A. DEVOTO,** hereby consent to being a plaintiff in the Representative Wage

and Hour Action brought by LUIS A. DEVOTO, RODOLFO F. RAMIREZ,

AND CESAR CAPPELLETTI, both on our own behalf and on behalf of similarly situated

employees of Defendants.  I hereby authorize Steven F. Grover, P.A. to pursue my rights in this

Action brought under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended,* 29 U.S.C. §

201 *et seq.*  This Consent is filed out of an abundance of caution, as doing so is not legally

required of the representative plaintiff in a FLSA collective action, and I consented to being the

representative plaintiff of record in this action when the original complaint was filed.

                          05-15-02
                       **LUIS A. DEVOTO / Date**

Exh "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LUIS A. DEVOTO, RODOLFO F. RAMIREZ,
AND CESAR CAPPELLETTI,
ON BEHALF OF THEMSELVES
AND SIMILARLY SITUATED
EMPLOYEES,

     Plaintiffs,

VERSUS

TECHNION COMMUNICATIONS
CORPORATION, ET AL,

     Defendants.
*************************************************************************

## CONSENT TO JOIN INTO
## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

I, **RODOLFO F. RAMIREZ,** hereby consent to being a plaintiff in the Representative

Wage and Hour Action brought by LUIS A. DEVOTO, RODOLFO F. RAMIREZ,

AND CESAR CAPPELLETTI, both on our own behalf and on behalf of similarly situated

employees of Defendants.  I hereby authorize Steven F. Grover, P.A. to pursue my rights in this

Action brought under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended,* 29 U.S.C. §

201 *et seq.*  This Consent is filed out of an abundance of caution, as doing so is not legally

required of the representative plaintiff in a FLSA collective action, and I consented to being the

representative plaintiff of record in this action when the original complaint was filed.

5 - 14 - 2002

RODOLFO F. RAMIREZ / Date

*EXH. "B"*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

LUIS A. DEVOTO, RODOLFO F. RAMIREZ,
AND CESAR CAPPELLETTI,
ON BEHALF OF THEMSELVES
AND SIMILARLY SITUATED
EMPLOYEES,

      Plaintiffs,

VERSUS

TECHNION COMMUNICATIONS
CORPORATION, ET AL,

      Defendants.
*****************************************************************************

## CONSENT TO JOIN INTO
## REPRESENTATIVE WAGE AND HOUR ACTION
## UNDER THE FAIR LABOR STANDARDS ACT

    I, **CESAR CAPPELLETTI,** hereby consent to being a plaintiff in the Representative

Wage and Hour Action brought by LUIS A. DEVOTO, RODOLFO F. RAMIREZ,

AND CESAR CAPPELLETTI, both on our own behalf and on behalf of similarly situated

employees of Defendants.  I hereby authorize Steven F. Grover, P.A. to pursue my rights in this

Action brought under the Fair Labor Standards Act of 1938 ("FLSA"), *as amended*, 29 U.S.C. §

201 *et seq.*  This Consent is filed out of an abundance of caution, as doing so is not legally

required of the representative plaintiff in a FLSA collective action, and I consented to being the

representative plaintiff of record in this action when the original complaint was filed.

_____
CESAR CAPPELLETTI / Date

*Exh. "C"*