UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-60815-CIV-SEITZ

**CLOSED CIVIL CASE**

LUIS A. DEVOTO, RODOLFO F. RAMIREZ,
AND CESAR CAPPELLETTI, ON BEHALF
OF THEMSELVES AND SIMILARLY SITUATED
EMPLOYEES,

    Plaintiffs,

vs.

TECHNION COMMUNICATIONS CORPORATION,
ET AL,

    Defendants.



_____/

### AGREED ORDER GRANTING PLAINTIFFS' AMENDED AND SUPPLEMENTAL UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT

Considering the above and foregoing Plaintiffs' Amended and Supplemental Unopposed Motion to Approve Settlement Agreement, with Incorporated Memorandum of Law, the Exhibits thereto, the law, and the pleadings,

IT IS HEREBY ORDERED that said Motion is GRANTED.* The Court approves the January 30, 2004 Settlement Agreement in this collective action under the Fair Labor Standards Act, in the total amount of $525,000.00, including the division therein of $235,000.00 by the 260 Plaintiffs who were lead Plaintiffs or timely opted into this action by December 30, 2003, attorneys' fees of $275,000.00, and expenses of $15,000.00, all of which are found to be fair and reasonable. It is also found that the Settlement Agreement is fair, adequate, and reasonable to the Plaintiffs, and that there is no indication that it was the product of collusion among the parties.

Page 1 of 2

* "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment, after scrutinizing the settlement for fairness." <u>Lynn Food Stores v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).

The Court dismisses with prejudice the claims of the 260 Plaintiffs who were lead Plaintiffs or who timely opted into this action by December 30, 2003 and who were included in the Settlement Agreement, and dismisses without prejudice the claims of the approximately 25 persons who filed Consents after the December 30, 2003 deadline or who were not included in the Settlement Agreement. The Court retains jurisdiction to enforce the Settlement Agreement.

All pending motions are DENIED as MOOT. This CASE is CLOSED,

DONE AND ORDERED in Chambers in Miami, Florida, this 16th day of March, 2004.

The Honorable Patricia A. Seitz
United States District Judge

Copies furnished to:

Steven F. Grover, Esq. (Fax # 954-356-0010)
Elizabeth Rodriguez, Esq. (Fax # 305-374-7846)

Order.SettlementApproval.030204